IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| TRAVELERS CASUALTY and SURETY COMPANY OF AMERICA,<br><br>Plaintiff,<br>vs.<br>DESERT GOLD VENTURES, LLC et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:13-mc-1097<br><br>Judge Clark Waddoups |

# INTRODUCTION

On December 5, 2013, the Clerk for United States District Court, Central District of California issued a Certification of a Judgment to be Registered in Another District. The foreign judgment was then registered in this district on December 12, 2013 (ECF No. 2). Plaintiff Travelers Casualty and Surety Company of America ("Travelers") now seeks to renew that judgment pursuant to Utah Code Ann. § 78B-6-1802, and Rules 7 and 58C of the Utah Rules of Civil Procedure. For the reasons stated below, the court denies the motion without prejudice.

# FACTUAL BACKGROUND

On May 13, 2011, Travelers obtained a default judgment against Defendants Desert Gold Ventures, LLC; Jurassic Ventures, LLC; Michael Mabugat; and Teresa Mabugat (collectively

"Defendants"). Default Jdmt., at 2 (ECF No. 2).[1] The judgment consisted of $5,830,344.81 in money damages and "$6,000,000 in collateral security to be posted to Travelers by Defendants to cover Travelers' exposure for potential losses on claims against the surety bond issued by Travelers on behalf of Defendants." *Id.* at 3. This constituted specific performance under "the terms of the General Contract of Indemnity executed by Defendants." *Id.* The Default Judgment did not specify the post-judgment interest rate.

After registering the foreign judgment in this district on December 12, 2013, Travelers filed a Transcript of Judgment on December 30, 2013, in the Fourth Judicial District Court for Wasatch County, State of Utah, Civil No. 136500864. Decl. of David L. Pinkston, ¶ 7 (ECF No. 6). Approximately two years later, Travelers commenced a separate quiet title action in the Fourth District (Case No. 150500102), "seeking to invalidate other liens on the Mabugats' property in the county." *Id.* ¶ 8.

Since obtaining Default Judgment, "Travelers has received payments, credits, and recoveries (from other indemnitors) on the obligation at various times . . . in the total amount of $9,200,000.00" *Id.* ¶ 15. Travelers also asserts interest has continued to accrue either at the post-judgment rate under California law, or Utah law, or under the federal post-judgment rate. *Id.*

Travelers asserts that it seeks to renew the Judgment "primarily to support its Judgment Lien . . . as an *in rem* action." Mot. to Renew, at 2 (ECF No. 5). Accordingly, it is *not* seeking to renew the Judgment "to enforce any personal liability against the Mabugats individually." *Id.* According to a footnote, Travelers obtained a "Judgment Lien against the Mabugats' property in

---

[1] When referring to a page number, the court references the ECF page numbering at the top of the page and not the numbering at the bottom of a document.

Wasatch County, which is the subject of the Quiet Title Action." *Id.* at 6 n.2. It is that *in rem* proceeding it seeks to support through its Motion to Renew Judgment.

Also in a footnote, Travelers contends that an *in rem* proceeding survives bankruptcy. No where else in the Motion is bankruptcy addressed. Thus, the court has little information about the bankruptcy proceedings other than "[b]oth the Mabugats have received a discharge in their respective Chapter 7 bankruptcy cases in California." *Id.*

## ANALYSIS

I. **JUDGMENT**

A. **Registration of Judgment**

Under federal law, "[a] judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district" after the judgment becomes final. 28 U.S.C. § 1963. "A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner." *Id.*

Similarly, Utah law allows an authenticated foreign judgment to "be filed with the clerk of any district court in Utah. The clerk of the district court shall treat the foreign judgment in all respects as a judgment of a district court of Utah." Utah Code Ann. § 78B-5-302(2). Once properly filed, the foreign judgment "has the same effect and is subject to the same procedures, defenses, enforcement, satisfaction, and proceedings for reopening, vacating, setting aside, or staying as a judgment of a district court of [Utah]. *Id.* § 78B-5-302(3).

Travelers has registered its judgment in federal court, and also filed an Abstract of Judgment in Wasatch County, State of Utah under Case No. 136500864. The court therefore treats the foreign judgment as though it were a judgment issued by this court.

**B.     Judgment Renewal**

Section 78-6-1802(1)–(2) of the Utah Code allows for a judgment to be renewed when "a motion is filed within the original action . . . before the statute of limitations on the original judgment expires." The terms "original action" and "original judgment" are ambiguous when faced with the present facts. Technically, the original action and original judgment occurred in California. But those judgments were registered in the District of Utah and in State Court. Other circuits, as well as the Utah Supreme Court, have concluded that "registration provides, so far as enforcement is concerned, the equivalent of a new judgment of the registration court." *Stanford v. Utley*, 341 F.2d 265, 268 (8th Cir. 1965); *see also Home Port Rentals, Inc. v. Int'l Yachting Group, Inc.*, 252 F.3d 399, 405 (5th Cir. 2001); *Pan Energy v. Martin*, 813 P.2d 1142, 1144 (Utah 1991).[2] As long as the judgment was "enforceable under the laws of both states, registration truly is the equivalent of a new judgment . . . for purposes of enforcement." *Home Port Rentals, Inc.*, 252 F.3d at 405 (emphasis omitted).

Here, Travelers seeks to renew its judgment for purposes of enforcement. When it registered its judgment in this court, it was as though that registration became a new judgment for

---

[2]  Each court has left open the possibility that such a registration might not constitute a new judgment "for every purpose other than enforcement." *Home Port Rentals, Inc.*, 252 F.3d at 405.

purposes of enforcement. The court therefore concludes that filing the motion to renew in this court satisfies the requirement to file the motion in the "original action."

With respect to timeliness, a judgment remains in force for eight years under Utah law. Utah Code Ann. § 78B-2-311. When a foreign judgment is involved, Utah's statute of limitations runs from the time when the foreign judgment was originally "entered or last renewed in the rendering state." *Potomac Leasing Co. v. Dasco Tech. Corp.*, 2000 UT 73, ¶ 11, 10 P.3d 972.

Default Judgment was entered by a United States District Court in California on May 13, 2011. *See* Default Jdmt., at 3 (ECF No. 2). It does not appear from that case's docket that a final judgment was entered by the court. *See* Case Docket (ECF No. 6). Accordingly, the Default Judgment became final 150 days after entry, which was on October 10, 2011. *See* Fed. R. Civ. P. 58(c)(2). Travelers filed its motion to renew judgment on May 12, 2019. The court therefore concludes it timely filed its motion.

### C. Accuracy of the Accounting

Travelers asks for the court to state the appropriate post-judgment interest rate that has been accruing on the Default Judgment. As stated above, the original judgment did not specify that interest was awarded or what its rate would be. Nevertheless, "[p]ost-judgment interest automatically accrues from the date of judgment even absent an express statutory provision so providing or express inclusion in the judgment itself." *Grimsley v. MacKay*, 93 F.3d 676, 678 (10th Cir. 1996) (citing 28 U.S.C. § 1961(a)) (other citation omitted). "Parties may contract to, and agree upon, a post-judgment interest rate other than that specified in § 1961." *In re Riebesell*, 586 F.3d 782, 794 (10th Cir. 2009) (quotations, citation, and alterations omitted). "But to do so, they must specifically contract around the general" merger doctrine. *Id.* (citation omitted). If

5

parties have not shown through clear intent that they contracted around the merger doctrine, then the federal post-judgment interest rate applies to judgments issued by a federal court. *Id.* at 794–95. Because interest was not addressed in the Default Judgement, the court concludes the applicable rate is the federal post-judgment interest rate.

Travelers attached a spreadsheet detailing credits that have been applied to the judgment balance. It calculated interest from entry of Default Judgment and at the rate then applicable in May 2011. *See* Spreadsheet 2, at 9–10 (ECF No. 6). As explained above, however, final judgment was not entered until October 10, 2011. Post-judgment interest, therefore, must be calculated from the date of final judgment. *See Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835, 838–39, 110 S. Ct. 1570, 108 L. Ed. 2d 842 (1990). This applies both to when interest starts accruing and in determining the appropriate federal interest rate as of October 2011. Because Travelers did not apply a proper calculation, it is not entitled to a renewed judgment at this time.

## II.     JUDGMENT LIEN

"Judgement liens are creatures of statute without any basis in the common law." *Gildea v. Wells Fargo Bank, N.A.*, 2015 UT 11, ¶ 12, 347 P.3d 385 (citation omitted). Under Utah law, "[a] judgment 'becomes a lien upon real property if' the judgment or other verifying documentation 'is recorded in the office of the county recorder.'" *Id.* (quoting Utah Code Ann. § 78B-5-202(7)). "Once [a] judgment is renewed, the creditor may then 'renew a lien created by a judgment' by filing the appropriate documentation in the county recorder's office." *Id.* (quoting Utah Code Ann. § 78B-5-202(9)) (alteration omitted). The judgment therefore informs whether there may be a judgment lien.

Travelers asserts it is seeking renewal of the Default Judgment, which was a money judgment or collateral security against the Defendants individually. With respect to the Mabugats, however, Travelers asserts it is not seeking renewal against them personally. Rather, it wants the judgment renewed to support its *in rem* proceedings against the Mabugats' property in Wasatch County. This is so because the Mabugats "received a discharge in their respective Chapter 7 bankruptcy cases in California." Mot. to Renew, at 6 n.2 (ECF No. 5).

Mentioning a bankruptcy proceeding in a footnote is not well taken. Travelers has not provided the requisite information to show that its Default Judgment survived the bankruptcy. If the Default Judgment did not survive, the court concludes this is a situation where the registered judgment would not constitute a new judgment that stands independent from the one rendered in California. Accordingly, unless Travelers proves its Default Judgment remains viable, this court will not renew the judgment so that it may be filed with the county recorder to create a renewed judgment lien against the Mabugats' property. Thus, Travelers also has failed on this ground to show a renewed judgment is appropriate.

## **CONCLUSION**

For the reasons stated above, the court DENIES WITHOUT PREJUDICE Travelers' Motion for Renewal of Judgment (ECF No. 5). To the extent Travelers intends to correct the errors noted above, Travelers shall file an Amended Motion for Renewal **on or before November 29, 2019**. Otherwise, this case will be dismissed for failure to satisfy the conditions for renewal of a judgment.

SO ORDERED this 22nd day of October, 2019.

                                              BY THE COURT:

                                              Clark Waddoups
                                              United States District Judge